```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

```
_____
                                   :
UNITED STATES OF AMERICA           :
                                   :     Crim. No. 03-354-03 (NLH)
      v.                           :
                                   :
REGINALD WOOTEN                    :     OPINION
             Defendant             :
_____:
```

**APPEARANCES:**

OFFICE OF THE FEDERAL PUBLIC DEFENDER
By: Richard Coughlin, Assistant Federal Public Defender
800 Cooper Street, Suite 302
Camden, New Jersey 08102

    On behalf of Defendant Reginald Wooten

OFFICE OF THE UNITED STATES ATTORNEY
By: Jeffrey B. Bender, Assistant United States Attorney
401 Market Street, 4th Floor
Camden, New Jersey 08102

    On behalf of the United States of America

**HILLMAN, United States District Judge**

    This matter comes before this Court upon Defendant Reginald Wooten's Motion to Purge his April 27, 2004 Civil Contempt [Dkt. No. 644]. Defendant requests that his civil contempt be purged retroactively to 2015 so that he may commence serving the balance of his 151-month sentence. The Government supports

Defendant's request. For the reasons stated below, Defendant's request will be granted.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On May 6, 2003, Defendant Wooten and several co-defendants were indicted by a grand jury.  Defendant Wooten was charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and three counts of manufacturing fictitious obligations with intent to defraud, in violation of 18 U.S.C. § 541(a). [Dkt. No. 1]  On July 2, 2004, Defendant Wooten and his co-defendants were convicted of all charges after a month-long jury trial before the late Honorable Jerome B. Simandle, U.S.D.J. [Dkt. No. 290]  On October 29, 2004, Defendant was sentenced to a 151-month term of imprisonment. [Dkt. No. 390]  Defendant's conviction was later affirmed by the Third Circuit. See United States v. Harris et al, No. 04-4190 (3d Cir. March 3, 2008).

During the course of pre-trial proceedings, on August 27, 2003, Judge Simandle issued an "Order Regarding Restrictions on Filings and Other Communications," enjoining Defendant Wooten and his co-defendants from filing baseless liens against judicial officers, employees of the United States Attorney's Office, and other individuals associated with the case. [Dkt. No. 107]  Despite this Order, however, Defendant and four of his co-defendants continued to file such documents.  On March 26,

2004, the Court issued an Order to Show Cause why these defendants should not be found in contempt of the Court's Order. [Dkt. No. 167]  After a hearing on the matter, on April 22, 2004, the Court found Defendant Wooten and four others in civil contempt of the Court's Order. [Dkt. No. 192-193]  The Court determined that each defendant would be incarcerated until such time as he purged his contempt by acknowledging and affirming under penalty of perjury, in writing, that the filings in question were null and void and that he would not participate in such filings going forward. [Id.]  The purge provision was later amended to allow a defendant to end contempt by demonstrating compliance if he "affirmatively ceased sending out new documents." See United States v. Harris, 582 F.3d 512, 519 (3d Cir. 2009).  This sanction would go into effect for a defendant as of April 27, 2004, if he had not purged his contempt as directed by that time. [Dkt. No. 192-193]  Defendant Wooten did not do so, and thus has been incarcerated under the Court's civil contempt Order since that date.  He has remained under the custody of the United States Marshal and has not accumulated credit toward the 151-month sentence imposed on October 29, 2004.

Each of Defendant Wooten's similarly situated co-defendants has purged his contempt in the years since the Court's Order went into effect.  Most recently, in 2017 Defendant Harris

3

purged his contempt by demonstrating that he had "affirmatively ceased sending out new documents," per the amended purge provision of the Court's Order. [Dkt. No. 627-628]

On November 8, 2019, this case was reassigned to this Court following the passing of Judge Simandle. [Dkt. No. 638]  On February 12, 2020, the United States Attorney's Office filed a letter requesting that the Court assign counsel for the limited purpose of assisting Defendant in purging his civil contempt.[1] [Dkt. No. 640]  On February 21, 2020, the Court issued an Order appointing the Federal Public Defender as counsel for this limited purpose. [Dkt. No. 641]  On July 8, 2020, Defendant Wooten filed the instant Motion. [Dkt. No 644]  On July 10, 2020, the Government filed a response supporting the Motion. [Dkt. No. 645]

## II.  ANALYSIS

Counsel for Defendant and the Government are in agreement on the facts and the law in this case.  Since his 2004 conviction, Defendant has been serving his period of incarceration under the Court's civil contempt Order, rather than his criminal sentence.  In order to begin serving the balance of that sentence, Defendant was required to either

---

[1] Defendant had previously expressed a desire to have his contempt purged in an April 19, 2016 pro se filing. [Dkt. No. 612]

4

affirmatively disavow the offending conduct, or else discontinue it for a period of time sufficient for the Court. See Harris, 582 F.3d at 519.  The parties agree that the last instance in which Defendant filed a document precluded by Judge Simandle's August 27, 2003 Order and thus "offending conduct" under the civil contempt Order was a filing made in the United States Circuit Court for the District of Columbia on March 9, 2015.

In 2017, the Court handled an equivalent situation with Defendant Wooten's co-defendant, William Harris.  In that instance, the Court cited the Third Circuit's decision in Harris in determining that Harris had "exhibit[ed] a period of inaction" sufficient to purge his civil contempt. [Dkt. No. 627-628]  Because Harris' last offending filing was made on June 1, 2012, nearly five years earlier, the Court concluded that his civil contempt had been purged and that his criminal sentence should be deemed to have begun as of that date. [Id.]

The Court sees no reason that this situation should be handled differently.  Defendant's inaction with regard to offensive filings since 2015 has demonstrated de facto compliance with, and thus the successful coercive effect of, the Court's civil contempt Order.  Now that coercion is no longer necessary, any further confinement would be considered punitive and may not be imposed for civil contempt. See In re Grand Jury Investigation ("Braun"), 600 F.2d 420, 423-25 (3d Cir. 1979)

("[W]hen the confinement has lost its coercive force it essentially becomes punitive, and the contemnor must then be released"); see also International Union v. Bagwell, 512 U.S. 821, 827-28 (holding that civil contempt is remedial, rather than punitive, in nature).

### III. CONCLUSION

For the reasons expressed herein, the Court finds that the purpose of April 22, 2004 civil contempt Order has been satisfied, and further finds that Defendant ceased to be in contempt of the Court's Order as of March 9, 2015, the day of his last offensive filing.

An Order consistent with this Opinion shall issue on this date.

DATED: November 4, 2020

At Camden, New Jersey

 s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.